IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS FOUGERE,

          Plaintiff,

   v.

FRANKLIN COUNTY/IRS,
   *et al.*,

          Defendants.

Civil Action No. 2:24-cv-4288
Chief Judge Sarah D. Morrison
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff Thomas Fougere's Application to Proceed *In Forma Pauperis*. (ECF No. 1.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Application be **DENIED**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id. at* 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id*. Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id*. Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and

expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

Plaintiff's application as filed did not provide sufficient information to demonstrate whether he qualifies to proceed *in forma pauperis* or must be required to pay the $405.00 filing fee. Indeed, as the Court previously explained:

> In his short form application, Mr. Fougere reports that he is not currently employed and that he has had zero income from any source in the last twelve months. As for any assets, Mr. Fougere reports that he has $322.00 in cash on hand and owns a home valued at $60,000.00 and a car valued at $700.00. He also reports that his monthly expenses included $55.00 for electricity and $35.00 for phone/internet "when allowed." Finally, he states that he owes debts or has financial obligations to the California Franchise Tax Board in the amount of $1,757,985.63, the IRS in the amount of $38,788,462.00 and the Franklin County Tax Collector in the amount of $3002.55. He provides no explanation as to how he is able to live with no income.

(ECF No. 5.) Accordingly, by Deficiency Order dated December 31, 2024, the Court directed Plaintiff to file another application to proceed *in forma pauperis*, providing both the required information and an explanation as to how he is able to live with no income. (*Id.*)

To date, Plaintiff has not cured the deficiencies presented by his original application or requested an extension of time in which to do so. That is, Plaintiff has not provided information sufficient to allow the Court to conduct a satisfactory inquiry into his ability to pay the filing fee and prosecute this lawsuit. Accordingly, it is **RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis*, ECF No. 1, be **DENIED**

In sum, Plaintiff has not provided information sufficient to allow the Court to conduct a satisfactory inquiry into his ability to pay the filing fee and prosecute this lawsuit. It is, therefore, **RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis*, ECF No. 1, be **DENIED** and that he be ordered to pay the required $405 filing fee within

**FOURTEEN DAYS OF THE DATE OF AN ORDER ADOPTING THIS REPORT AND RECOMMENDATION** if he intends to proceed with this lawsuit.  It is **FURTHER RECOMMENDED** that, if Plaintiff fails to pay the entire filing fee, the Court dismiss this action without prejudice and without further notice for failure to prosecute under Fed.R.Civ.P. 41(b).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: February 5, 2025                                    /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE